IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL EDWARD KRESSLER,
Inmate No. 760144,
      Plaintiff,

vs.                                  Case No.: 5:15cv202/MMP/EMT

JOANN CHAVIS,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 6).  Plaintiff was granted leave to proceed in forma pauperis (ECF No. 8).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff.   Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).   To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).   A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).   Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*   "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).    Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).   Upon review of the amended complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is actionable on its face.   Dismissal of this action is therefore warranted.

Plaintiff is currently an inmate at Bay Correctional Facility.  Defendant Joann Chavis is Plaintiff's (former) landlord and mother-in-law to Plaintiff's brother whom Plaintiff lived with (ECF No. 6 at 5).  Plaintiff alleges that on December 9, 1997, Defendant entered the dwelling unit in question and then entered the room where Plaintiff specifically resided (*id.*).  According to Plaintiff, Defendant began looking through his personal belongings and then removed unidentified items of Plaintiff's personal property and brought them to the Escambia County Sheriff's Department (*id.*).  This evidently resulted in Plaintiff being convicted of a sexual offense involving a child in the Circuit Court in and for Escambia County, Florida (*id.* at 7).[1]

Plaintiff further alleges that he never gave permission to Defendant to enter the dwelling or his room, and he states that "as a result, Plaintiff has lost the ability to not only acquire gainful employment or live in a respectable location, but Plaintiff lost his parental rights to his now 8-year-old daughter, adding to his suffering" (*id.* at 6).

---

[1] Plaintiff identifies the criminal action as Case No. 97-005473A.  Information gathered from the Escambia County website docket indicates Plaintiff was convicted on May 28, 1998, and was sentenced to two years of Community Control followed by three years of probation.  *See* http://www.escambiaclerk.com/xml/xmlBM.asp?ucase_id=807528.  Information gathered from the Florida Department of Corrections website indicates that Plaintiff is currently incarcerated on separate sexual offenses.  *See* http://www.dc.state.fl.us/activeinmates/detail.asp?Bookmark=1&From=list&SessionID=862436089.  The court notes that the doctrine of judicial notice permits a judge to consider documentation filed in other judicial proceedings for the limited purposes such as noting the subject matter of the litigation and the issues that were decided.  Young v. City of Augusta, Ga., 59 F.3d 1160, 1166 n.11 (11th Cir. 1995) (citing United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)).

Plaintiff thereby claims violations of his rights under the Fourth Amendment against unreasonable search and seizure and his due process rights to his property and liberty under the Fifth and Fourteenth Amendments.  As relief, he seeks monetary damages and a mandate from this court directing the Escambia County Circuit Court to rehear his criminal case.

In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:  (1) the plaintiff was deprived of a federal right, and (2) that the deprivation was caused by a person acting under color of state law.  *See* <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); <u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001).

Because private citizens do not generally act under color of state law, they are not ordinarily subject to suit under Section 1983.  *See* <u>West v. Atkins</u>, 108 S. Ct. 2250, 2255, 487 U.S. 42, 49 (1988); <u>Allaben v. Howanitz</u>, 579 F. App'x 716, 718 (11th Cir. 2014); <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992).  Private defendants can be held liable under Section 1983 only when they act "in concert with" state actors while depriving others of constitutional rights.  <u>Bendiburg v. Dempsey</u>, 909 F.2d 463, 468 (11th Cir. 1990).  "The plaintiff attempting to prove such a conspiracy must show

that the parties reached an understanding to deny the plaintiff his or her rights.  The conspiratorial acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to support the conspiracy." Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010) (quoting Bendiburg, 909 F.2d at 468).  Thus, unless such a conspiracy is shown, landlords such as the Defendant in the instant action are private parties that are not susceptible to suit under Section 1983.  *See* Garay v. Liriano, 839 F. Supp. 2d 138, 141–42 (D.D.C. 2012); Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 195 (3d Cir. 2005)); *see also*  Cobb v. Georgia Power Co., 757 F.2d 1248, 1251 (11th Cir. 1985) ("[O]ne who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process.") (citing Dahl v. Akin, 630 F.2d 277 (5th Cir. 1980)).

Other than Plaintiff's lone allegation that Defendant took unidentified items of Plaintiff's personal property (ostensibly photographs or other such material) and presented them to the Escambia County Sheriff's Department, there is no indication that law enforcement was involved in this event, much less that the parties in question reached any sort of agreement to act in concert for the purpose of retrieving the property.  Accordingly, because Defendant cannot be deemed a state actor for purposes of this litigation, Plaintiff's claims are subject to dismissal.

Moreover, the events in question occurred in 1997 and 1998, which clearly place them beyond the applicable statute of limitations.  Because § 1983 does not contain a specific statute of limitations, 42 U.S.C. § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. The Supreme Court has stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985).  Further, the Court stated that the statute, once selected, should govern all § 1983 actions arising in that state.  *Id.* at 275; *see also* Jones v. Preuit & Mauldin, 763 F.2d 1250, 1252 (11th Cir. 1985) (citations omitted).  The applicable statute of limitations in Florida, where Plaintiff's claims arose, is four (4) years.  Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); *see* Fla. Stat. § 95.11(3).  It is therefore evident that Plaintiff's § 1983 claims are subject to dismissal as time-barred under the statute of limitations.

As a final note, because the relief that Plaintiff seeks is in the nature of habeas corpus, under the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action would also appear to be warranted.  The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not

cognizable unless and until the sentence or conviction is "reversed on direct appeal,
expunged by executive order, declared invalid by a state tribunal authorized to make
such determination, or called into question by a federal court's issuance of a writ of
habeas corpus, 28 U.S.C. § 2254."  *Id.* at 2372.  Absent such an invalidation, the
section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411
U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the
appropriate remedy for state prisoners attacking the validity of the fact or length of
their confinement, and that specific determination must override the general terms of
§ 1983."  Regardless of the label Plaintiff may place on the action, any challenge to
the fact or duration of a prisoner's confinement is properly treated as a habeas corpus
claim.  Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam);
McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982).  Thus, declaratory or
injunctive relief claims which are in the nature of habeas corpus claims are claims
which challenge the validity of a conviction and/or sentence and are simply not
cognizable under § 1983.  Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).

In the context of Fourth Amendment claims, the Eleventh Circuit has held that,
"[b]ecause an illegal search or arrest may be followed by a valid conviction, a

successful § 1983 action for Fourth Amendment search and seizure violations does not

<u>necessarily</u> imply the invalidity of a conviction.  As a result, <u>Heck</u> does not generally

bar such claims." <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003) (emphasis

added).  All Fourth Amendment claims, however, do not fit the exception to <u>Heck</u>, and

the court "must look both to the claims raised under § 1983 and to the specific

offenses for which the § 1983 claimant was convicted" to determine whether the

claims necessarily imply the invalidity of the conviction.  *Id.* at 1160 n.2.  Where it

can be concluded that, but for the execution of a search, evidence of a crime would not

have been discovered, a conviction relative to that evidence would be necessarily

undermined by a successful Fourth Amendment claim against that search.  *See*

<u>Weaver v. Geiger</u>, 294 Fed. Appx. 529, 533 (11th Cir. 2008) (finding that <u>Heck</u> barred

Fourth Amendment claim where plaintiff's conviction for possession with intent to

distribute methadone derived from search under warrant which, if proven

unconstitutional, would have undermined the validity of an essential element of the

offense for which plaintiff was found guilty); <u>Baxter v. Crawford</u>, 233 F. App'x 912,

915–16 (11th Cir. 2007) (finding Fourth Amendment claim barred by <u>Heck</u> where

cocaine found in plaintiff's residence would not have been discovered without the

execution of a search warrant).

In this case, if Plaintiff were successful on his Fourth Amendment claim, it would appear to necessarily undermine his conviction.  Plaintiff indicates as much, stating that the evidence taken by Defendant led to his conviction.  It therefore seems likely that, were  Plaintiff to succeed in establishing the invalidity of the search, the lynchpin element of the charges against him would be destroyed, and Plaintiff's conviction would necessarily be called into doubt.  Moreover, Plaintiff appears to claim no actual, compensable injury outside the fact of the allegedly invalid search itself.  His claimed injury appears wholly derived from the fact of the search and its eventual result of his arrest and conviction.  "As the Supreme Court noted, the most obvious example of an action barred by Heck is one in which the plaintiff actually 'seek[s] damages directly attributable to conviction or confinement.'"  Hughes, 350 F.3d at 1160 (quoting Heck, 512 U.S. 487 n.6, 114 S. Ct. at 2372 n.6).  The type of damages Plaintiff seeks strikes at the very heart of what Heck was intended to avoid: the use of civil rights or other such civil actions to seek redress for convictions that have yet to be invalidated through habeas corpus or other such proper avenues for relief.  Heck would therefore bar his claims.

Accordingly, it respectfully **RECOMMENDED**:

1.     That the complaint be **DISMISSED** pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.     That this dismissal should be deemed a "strike" for purposes of 28 U.S.C.

§ 1915(g).

At Pensacola, Florida, this 8<u>th</u> day of July 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**